**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Homar LEDEZMA–LEDEZMA, Defendant–Appellant.**

No. 05–50082
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 2, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Homar Ledezma–Ledezma (Ledezma) appeals his guilty-plea conviction of importing into the United States more than 50 kilograms of a mixture and substance containing marijuana. *See* 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(3). Ledezma argues that his guilty plea was not knowingly and voluntarily entered because the magistrate judge who conducted his plea colloquy failed to comply with Federal Rule of Criminal Procedure 11(b)(1)(D) by informing him that he had a right to the representation of counsel at trial, and, if necessary, to have the court appoint an attorney for him. Ledezma did not challenge in district court the voluntariness of his plea or the magistrate judge's compliance with Rule 11. Accordingly, review is for plain error. *See United States v. Vonn,* 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002).

Ledezma has met the first two prongs of the plain error analysis by establishing a Rule 11 error that is clear and obvious. *See id.* at 59, 122 S.Ct. 1043. Nevertheless, Ledezma has not met the third prong of the plain error analysis by showing that the magistrate judge's Rule 11 error af-

---

fected his substantial rights. *See United States v. Dominguez Benitez,* 542 U.S. 74, 82–83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004). A review of the record as a whole reveals no reasonable probability that, but for the error, Ledezma would not have entered his guilty plea. *See id.*

The judgment of the district court is AFFIRMED.